IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 18, 2002

## JEFFREY M. ENGLISH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. 501-159     Donald P. Harris, Judge**

---

**No. M2002-00175-CCA-R3-PC - Filed February 11, 2003**

---

Petitioner, Jeffrey M. English, was charged with three counts of aggravated robbery and one count of aggravated assault. He entered open pleas of guilt to the three counts of aggravated robbery, and the State *nolled* the aggravated assault count. A sentencing hearing was conducted, and Petitioner received a sixteen year sentence for each of the three counts of aggravated robbery. Petitioner also received an eight year sentence for a probation violation, which Petitioner conceded. The trial court ordered all four sentences to be served consecutively, resulting in a total effective sentence of fifty-six years. Petitioner's sentence was affirmed by this court on direct appeal. *State v. Jeffrey English*, 2000 Tenn. Crim. App. LEXIS 911, No. M1999-02495-CCA-R3-CD (Tenn. Crim. App. at Nashville, November 22, 2000) *perm. to appeal denied* April 9, 2001. Petitioner filed a *pro se* petition for post-conviction relief, in which he alleged that he received the ineffective assistance of counsel. Petitioner was appointed new counsel, and he subsequently filed an amended petition. An evidentiary hearing was conducted, and the trial court denied the petition. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Post-Conviction Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Stacey M. Brackeen, Franklin, Tennessee, for the appellant, Jeffrey M. English.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Mary K. Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The presentment charged Petitioner with aggravated assault and three separate offenses of aggravated robbery. The State agreed to *nolle prosequi* the aggravated assault charge and offered Petitioner a sentence of forty-one years in exchange for his pleading guilty to the aggravated robbery

charges. Rather than accepting the State's offer of 41 years, Petitioner entered open pleas of guilt to the three charges of aggravated robbery, reserving for the determination of the trial court the length and manner of his sentence. Petitioner agreed to plead as a Range II multiple offender.

**Post-Conviction Hearing**

The trial court conducted a post-conviction hearing, at which Petitioner's appointed counsel, Assistant Public Defender Gene Honea, testified. Mr. Honea represented Petitioner at both the plea and the sentencing phases. Mr. Honea testified that he filed some pretrial motions, but he did not move to suppress a statement given by Petitioner to police, nor did he move to sever the defendants in this case. Petitioner was indicted along with a co-defendant, who also entered guilty pleas. Petitioner gave an incriminating statement to police, and Mr. Honea believed that no reasonable grounds existed to suppress the statement.

Mr. Honea testified that the State made two offers in this case. Petitioner rejected the State's first offer, which Mr. Honea remembered to be between fifty and sixty years. The State's second offer was forty-one years. Mr. Honea believed the offer to be high and advised Petitioner to enter an open plea. Mr. Honea explained that Petitioner could receive a sentence greater than forty-one years at a sentencing hearing, but he was hopeful that the trial court would order a significantly lesser sentence. Mr. Honea was "disappointed and shocked" when Petitioner received a fifty-six year sentence at the sentencing hearing. Mr. Honea appealed the length of petitioner's sentence to this court. This court held that there was no reversible error in the trial court's application of the sentencing principles and guidelines.

Petitioner contends that he is illiterate and that he did not understand the nature or consequences of his plea and that he relied on Mr. Honea's advice to reject the State's offer of forty-one years and enter an open plea. Petitioner testified at the post-conviction hearing that he advised counsel of his inability to read. Petitioner misspelled his last name on the witness stand at the post-conviction hearing. He testified that he had the assistance of a fellow inmate at South Central Correctional Facility in preparing his *pro se* petition for post-conviction relief. Petitioner also testified that he dropped out of high school in either the tenth or eleventh grade, but he completed a business certificate from Job Corps training in Chicago.

Petitioner testified that counsel did not advise him of his constitutional rights or advise him that he would have to testify at the sentencing hearing. He testified that he received a copy of his pre-sentence report on the day he was sentenced. He looked at it, but he did not know what it was. Petitioner signed a petition waiving his right to a jury trial and requesting the court's acceptance of his guilty plea. He testified that he did not read the petition, and nobody read or explained it to him. He testified that Mr. Honea did not explain the difference between consecutive and concurrent sentencing and that Mr. Honea advised him that the judge would be more lenient in sentencing him if he accepted an open plea.

Mr. Honea testified that he advised Petitioner of the minimum and maximum sentences available to the trial court in sentencing him. He provided Petitioner with a spreadsheet that gave a side-by-side comparison of the minimum sentence for each charge for a Range II offender, the maximum sentence for each charge for a Range II offender, and the State's offer. The chart has a line drawn through the aggravated assault charge, representing the State's decision to drop that charge. The last row of the chart gives the total number of years possible if the sentences were ordered to be served consecutively. For a Range II multiple offender, the minimum sentence available for all of the charges, if ordered to be served consecutively, is fifty-four years, and the maximum sentence available for all of the charges, if ordered to serve all sentences consecutively, is seventy years.

At the guilty plea hearing, the trial court explained the nature of an open plea and advised Petitioner that by entering an open plea of guilt, he was reserving his right to a sentencing hearing and the right to appeal his sentence. The trial court explained the nature of the charges against him and the elements of the offense the State must prove. The court advised Petitioner of his constitutional rights and that he was waiving those rights by entering a guilty plea. The trial court asked Petitioner twice if he was satisfied with the services of his attorney, to which Petitioner replied affirmatively. The trial court asked Petitioner if he understood exactly what he was doing by entering his plea, and Petitioner answered "yes." The trial court asked Petitioner if it should have any concern that he would appear before the court later and contend that he did not understand what he was doing, and Petitioner replied "no."

The post-conviction court ruled that Petitioner failed to prove by clear and convincing evidence that he received ineffective assistance of counsel. The court found that Petitioner's guilty plea was knowingly and voluntarily entered, that counsel's performance was not deficient under the standard set forth in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and that counsel's failure to file a motion to suppress Petitioner's statement did not prejudice Petitioner. The court ruled that the fact that counsel wrongly predicted Petitioner's sentence is not a ground for the granting of post-conviction relief.

**Claim of Ineffective Assistance of Counsel**

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674, 698 (1984). In order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. At 2065).Petitioner admitted that he never expressed a desire to proceed to trial. He confessed all three robberies to police.

With regard to the voluntariness of a petitioner's guilty pleas, the petitioner must establish that, but for counsel's errors, the petitioner would not have entered the plea and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 210 (1985). This court will not disturb the findings of fact of the post-conviction court unless the evidence preponderates against them. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Questions concerning the credibility of witnesses and the weight and value given to their testimony are resolved by the trier of fact, not this court. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

The trial court accredited the testimony of Mr. Honea that he sufficiently conferred with Petitioner and discredited the testimony of Petitioner that he could not read or write and that he did not understand the terms of his plea. Furthermore, Petitioner has failed to establish prejudice. Petitioner admitted that he never expressed a desire to proceed to trial. He confessed all three robberies to police. Petitioner relies solely on his testimony at the post-conviction hearing and he has failed to establish that the evidence preponderates against the trial court's findings. Petitioner is not entitled to relief on this issue.

## CONCLUSION

We conclude that Petitioner's pleas were knowingly and voluntarily entered and that he received the effective assistance of counsel. The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-